ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 15 P 2: 22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN TUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-108 |
| | ) | |
| JONATHAN WRIGHT, Officer, | ) | |
| JONATHAN PEACOCK, Officer, and | ) | |
| TIMOTHY VAUGHN, District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Sumter County Correctional Institution in Americus, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

---

[1] Although he is currently incarcerated at the Sumter County Correctional Institution, as explained below, Plaintiff's complaint concerns events that allegedly occurred in Dodge County, Georgia.

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Jonathan Wright, an officer with the Dodge County Sheriff's Office; (2) Jonathan Peacock, an officer with the Dodge County Sheriff's Office; and (3) District Attorney Timothy Vaughn. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that Defendants Wright and Peacock arrested him in December of 2009 pursuant to two arrest warrants for the knowing sale of cocaine. (Id. at 5.) According the Plaintiff, Defendants Wright and Peacock falsified the information set forth in the affidavits accompanying the warrants. (Id.) Plaintiff does not provide any of the specific information from the warrants or affidavits that he contends was false; rather, he merely avers that the information was knowingly falsified and provided no indication of the officers' personal knowledge of the conduct described in the affidavits. (Id.)

In addition, Plaintiff alleges that Defendant Vaughn knowingly used the same false information provided by Defendants Wright and Peacock, with no additional evidence, to secure an indictment. (Id.) Plaintiff also avers that Defendant Vaughn used the perjured testimony provided by Defendants Wright and Peacock to prosecute him in an impermissibly biased fashion. (Id.)

As a result of these allegations, Plaintiff claims that he was "falsely arrested and prosecuted," and that he was subjected to "false imprisonment." (Id.) In his demand for relief, Plaintiff seeks monetary damages against each Defendant.

## II. DISCUSSION

### A. Immunity

Defendants are entitled to absolute immunity from civil liability arising from their alleged conduct with respect to securing the indictment and otherwise participating in the prosecution of Plaintiff's criminal case.

As a prosecutor, Defendant Vaughn is entitled to immunity to the extent that the allegations against him pertain to his traditional duties as counsel for the State in Plaintiff's criminal case. See Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). This prosecutorial immunity extends to "appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." Rehberg, 611 F.3d at 837. Because all of Plaintiff's allegations against Defendant Vaughn concern activities associated with judicial proceedings

3

in Plaintiff's criminal case, Defendant Vaughn is immune to any claim Plaintiff attempts to assert against him in this action.

Defendants Wright and Peacock are also entitled to absolute immunity to the extent that Plaintiff seeks to hold them liable for providing false testimony in grand jury proceedings or at trial. See Briscoe v. Lahue, 460 U.S. 325, 326 (1983) (holding that law enforcement officers are immune from civil liability based on their testimony during trial in criminal proceedings); Rehberg, 611 F.3d at 839 (holding that law enforcement officers "receive[] absolute immunity for the act of testifying to [a] grand jury"). However, unlike Defendant Vaughn, Plaintiff's allegations against Defendants Wright and Peacock are not limited to conduct for which they are entitled to immunity. Thus, the Court will proceed to determine whether Plaintiff states a viable claim against Defendants Wright or Peacock for alleged conduct that is not covered by their entitlement to immunity.

**B.    Plaintiff's Remaining Allegations Fail to State a Valid § 1983 Claim Against Defendants Wright and Peacock**

As noted above, Plaintiff alleges that Defendants Wright and Peacock provided false information in applying for the warrants pursuant to which he was arrested. (Doc. no. 1, p. 5.) In particular, Plaintiff states that Defendants Wright and Peacock knowingly falsified the information set forth in the affidavits accompanying the warrants and failed to indicate that such information was within their personal knowledge. (See id.)

Initially, because Plaintiff provides no detail as to the information in the affidavit that was allegedly falsified or outside the officers' personal knowledge, his allegations are simply

4

too vague and conclusory to support his attempted § 1983 claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted).

Furthermore, Plaintiff's claims are barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994). The Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today

that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.")

Additionally, the Court recognizes that, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, if the factual basis of a plaintiff's § 1983 claim would "inevitably undermine his conviction," then Heck bars the claim, even if it arises under the Fourth Amendment. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005) (*per curiam*) (holding that Fourth Amendment § 1983 claim premised on officer providing false information in affidavit to secure an arrest warrant was barred by Heck because "the factual basis for [the plaintiff's] claim . . . inevitably undermine[s] his conviction"); see also Weaver v. Geiger, 294 F. App'x 529, 533 (11th Cir. 2008) (*per curiam*) ("We have previously held that [Fourth Amendment claims premised on invalid warrants] can be brought even without proof that the underlying conviction has been called into question. However, we have also determined that Heck would still preclude those claims that 'if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense.'" (quoting Hughes, 350 F.3d 1157, 1160 n.2) (citation omitted)).

6

Here, Plaintiff attempts to assert a Fourth Amendment claim against Defendants Wright and Peacock by alleging that they provided false information in the affidavits submitted in support of the arrest warrants. (See doc. no. 1, p. 5.) However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Moreover, while Plaintiff provides no details as to the nature of this allegedly falsified information, he states that the exact same information, without any additional evidence, was knowingly provided as the sole basis for his indictment. (Doc. no. 1, p. 5.) Consequently, a judgment in Plaintiff's favor on his § 1983 claims against Defendants Wright and Peacock would imply that he was indicted based purely on knowingly falsified information, which is tantamount to implying that his conviction is invalid. See United States v. DiBernardo, 775 F.2d 1470, 1475 (11th Cir. 1985) (noting that the intentional provision of false testimony in grand jury proceedings may justify dismissal of an indictment). Thus, the factual basis for Plaintiff's attempted § 1983 claims against Defendants Wright and Peacock "inevitably undermine[s] his conviction," meaning that such claims are barred by Heck. See Vickers, 137 F. App'x at 290.

In sum, Plaintiff's allegations fail to state a viable § 1983 claim against any named Defendant. Therefore, his complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE